**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RANDALL FERGUSON,

        Plaintiff - Appellant,

  v.

WELLS FARGO BANK, NA,

        Defendant - Appellee.

No. 12-55102

D.C. No. 2:11-cv-02043-PA-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and submitted August 8, 2013
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and GEORGE, Senior
District Judge.[**]

    Randall Ferguson appeals the district court's grant of Wells Fargo's motion

for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we

reverse and remand.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The Honorable Lloyd D. George, Senior District Judge for the U.S.
District Court for the District of Nevada, sitting by designation.

Ferguson brought suit against Wells Fargo under a provision of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), for failing to accurately report to TransUnion that there was no bankruptcy on his account.

Under 15 U.S.C. § 1681s-2(b), a furnisher of credit information must investigate and report "[a]fter receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." Here, Wells Fargo furnished information about Wells Fargo accounts to TransUnion, the credit reporting agency, either originally, in response to TransUnion's inquiry, or both. Ferguson disputed to TransUnion the completeness and accuracy of the information about his Wells Fargo account. Because Ferguson in fact disputed that account, Wells Fargo was obligated to reasonably investigate and accurately report its findings back to TransUnion.

The district court erred by granting summary judgment because there are genuine disputes of fact as to whether Wells Fargo accurately reported the account. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (summary judgment is only appropriate where there are "no genuine disputes of material fact") (internal quotation omitted). In particular, there is a dispute as to whether it was correct for Wells Fargo to leave the Consumer Information Index space blank instead of entering the Q code on the form it sent to TransUnion.

The district court did not reach Wells Fargo's partial motion for summary judgment on the issue of willfulness and we leave that motion for the district court to rule on in the first instance.

We **REVERSE** the district court's grant of Wells Fargo's motion for summary judgment and **REMAND** for further proceedings.